| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------X<br>In the Matter of<br><br>GIULIANO BOTTICELLI AND<br>ASSUNTINA BOTTICELLI,<br><br>                           Debtors.<br>---------------------------------------------------------------X | Hearing Date: May 21, 2013 at 10:00 a.m.<br>Objection Date: May 14, 2013 by 5:00 p.m.<br><br><br>Chapter 7<br><br><br>Case No.: 13-70167-dte |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, Kenneth Kirschenbaum, the Chapter 7 Trustee for the estate (the "Estate") of Giuliano Botticelli and Assuntina Botticelli (the "Debtors"), by and through his attorneys, Kirschenbaum & Kirschenbaum, P.C., will move this Court, before the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, at the United States Bankruptcy Court, Long Island Federal Court House, 290 Federal Plaza, Courtroom 760, Central Islip, New York, on **May 21, 2013 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §§ 521, 541 and 542:

    (a) compelling the Debtors to turn over to the Trustee any and all assets in their possession as requested by the Trustee, which is described in the Trustee's application submitted in support of this motion;

    (b) compelling the Debtors to turn over to the Trustee any and all personal property riders in connection with the Debtors' homeowners' insurance policy; and

    (c) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, must be filed electronically in accordance with General Order #462 (which can be found at the Court's official website, www.nyeb.uscourts.gov) by registered users of the

Bankruptcy Court's electronic filing system, and by all other parties in interest on a 3.5 inch computer disk in Portable Document Format (PDF), Corel WordPerfect, Microsoft Word, DOS text or a scanned image file together with an accompanying hard copy designated for the Chambers of the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, at the above address together with proof by affidavit, admission or otherwise that copies have been properly served. Objections, if any, must be served upon: (i) the undersigned counsel for the Trustee for the Estate of Giuliano Botticelli and Assuntina Botticelli; and (ii) the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 so as to actually be received no later than **5:00 p.m. on May 14, 2013**, or the relief requested may be granted as unopposed.

Dated: Garden City, New York
April 19, 2013

                                              KIRSCHENBAUM & KIRSCHENBAUM, P.C.
                                              Attorneys for the Trustee

                                      By:    <u>s/ Stacy Spector</u>
                                                      Stacy Spector, Esq.
                                                      200 Garden City Plaza
                                                      Garden City, NY 11530
                                                      (516) 747-6700

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: May 21, 2013 at 10:00 a.m. |
| EASTERN DISTRICT OF NEW YORK | Objection Date: May 14, 2013 by 5:00 p.m. |

---------------------------------------------------------------X

In the Matter of

GIULIANO BOTTICELLI AND
ASSUNTINA BOTTICELLI,

                        Debtors.

---------------------------------------------------------------X

Chapter 7

Case No.: 13-70167-dte

## **APPLICATION**

**TO:   THE HONORABLE DOROTHY T. EISENBERG,
        UNITED STATES BANKRUPTCY JUDGE:**

Kenneth Kirschenbaum, the Chapter 7 Trustee for the estate of Giuliano Botticelli and Assuntina Botticelli, moves through his counsel, Kirschenbaum & Kirschenbaum, P.C., for an order pursuant to 11 U.S.C. §§ 521, 541 and 542:

(a) compelling the Debtors to turn over to the Trustee any and all assets in their possession as requested by the Trustee, which is described herein;

(b) compelling the Debtors to turn over to the Trustee any and all personal property riders in connection with the Debtors' homeowners' insurance policy; and

(c) granting such other and further relief as the Court deems just and proper.

### **Background:**

1.      The Debtors filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code on January 14, 2013, and Kenneth Kirschenbaum was appointed Chapter 7 trustee, in which capacity he continues to serve.

2.      Since the date of the Debtors' bankruptcy filing, the Trustee has been investigating the Debtors' assets and liabilities, as well as various financial transactions that were taken by the Debtors in the time leading up to the filing.

3.      The Trustee discovered that the Debtors are in possession of various assets, as

will be discussed herein, which must be turned over to the Trustee to be administered for the benefit of the Debtors' Estate.

4. The Trustee discovered that the Debtors are in possession of various sports memorabilia, including, but not limited to, a baseball glove signed by Babe Ruth and a baseball bat signed by Thurman Monson (the "Sports Memorabilia"). The Sports Memorabilia was not listed in the Debtor's schedules. At the request of the Trustee, David R. Maltz & Co., Inc. has reviewed the Sports Memorabilia and has indicated that the Sports Memorabilia may possess a substantial value for the Estate.

5. Additionally, the Trustee learned that the Debtors are possession of various items of jewelry, including, but not limited to, two Rolex watches, one gold Rolex Presidential watch, a 3 carat diamond ring, diamond wedding bands, a diamond necklace set in platinum, a diamond tennis bracelet and diamond solitaire earrings (collectively, the "Jewelry"). (ECF Docket No. 34).

6. The Debtors' Schedule "B" states that the Rolex watches have an estimated value of $1,800.00. The Debtors' Schedule "B" also lists two wedding bands and "various other" items of jewelry for an aggregate value of $700.00. The Trustee believes that the Jewelry, including the Rolex watches, are substantially undervalued and possess a greater value than that set forth in the Debtors' Schedule "B".

7. The Trustee has also been informed that the Debtors are in possession of various pieces of artwork (collectively, the "Art Work"). The Debtors' Schedule "B" lists the "books, pictures, etc." as having a value of $3,500.00. Like the Sports Memorabilia and Jewelry, the Trustee believes that the Art Work possesses a greater value than that set forth in the Debtor's petition and schedules.

8. Pursuant to an e-mail sent by the Trustee's counsel to the Debtor's counsel on April 15, 2013, the Trustee requested additional information and documentation relating to the

Sports Memorabilia, the Jewelry and the Art Work. Furthermore, the Trustee requested that the Debtors make arrangements with David R. Maltz & Co., Inc. to surrender the Sports Memorabilia, the Jewelry and the Art Work in their possession. The Trustee intends to investigate the value of these items and may determine to conduct a public auction to sell them for the benefit of the Debtors' bankruptcy estate.

9. Subsequent to the e-mail from Trustee's counsel, the Trustee and his counsel were informed that the Debtors would not be turning any items over to the Trustee. The Debtors believed that the items in their possession were covered by certain bankruptcy exemptions and the Debtors would be obtaining their own appraisal of the items to prove their value.

10. The Debtors' refusal to turn over the assets is unacceptable, and is contrary to the Debtors' duties under the Bankruptcy Code.

**Relief Requested:**

11. Pursuant to 11 U.S.C. § 541 a bankruptcy estate is "comprised" of "all legal or equitable interests of the debtor in property as of the commencement of the case", wherever the property is located. 11 U.S.C. § 541 (2013). The property that the Debtors owned on the date of the commencement of the instant Chapter 7 case is now considered property of the Debtors' bankruptcy estate. Pursuant to the Bankruptcy Code, the assets are no longer the Debtors' property.

12. The Debtors must turn over the assets requested by the Trustee to be catalogued, appraised and potentially sold for the benefit of the estate and the Debtors' creditors. Section 542 of the Bankruptcy Code states that "an entity … in possession, custody, or control, during the case, of property that the trustee may use, sell … or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. §

542(a) (2013).

13. The Debtors' failure to turn over these assets frustrates the ability of the Trustee from carrying out these statutory duties under the Bankruptcy Code.

14. In connection with the Trustee's asset turnover request, the Trustee also requested that the Debtors provide the Trustee with copies of any and all personal property riders in connection with the Debtors' homeowners' insurance policy. The Trustee believes that the Debtors may have acquired personal property insurance riders to cover the value of the Sports Memorabilia, Jewelry and Art Work, and that the personal property riders will assist the Trustee in his investigation of the Debtors' assets, as well as reveal any assets that may not have been previously disclosed by the Debtors.

15. Therefore, the Trustee requests that the Debtors comply with their duties as set forth in sections 521(a)(3) and (a)(4) of the Bankruptcy Code. Sections 521(a)(3) and (a)(4) provide that a debtor must (a) "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and (b) "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate …." 11 U.S.C. §§ 521(a)(3) and (4) (2013).

16. Based upon the fact that there are no novel issues, the Trustee hereby requests this Court dispense with the requirement of a memorandum of law accompany the Motion. However, the Trustee hereby reserves its right to submit a memorandum of law to the Court in the event that any opposition to the motion is filed.

17. No prior application has been made to this Court or to any other court for the relief requested in the Motion.

WHEREFORE, it is respectfully requested that the Court grant the instant Motion in its entirety.

Dated: Garden City, New York
      April 19, 2013

                                KIRSCHENBAUM & KIRSCHENBAUM, P.C.
                                Attorneys for the Trustee

                                By:    s/ Stacy Spector
                                        Stacy Spector, Esq.
                                        200 Garden City Plaza
                                        Garden City, New York 11530
                                        (516) 747-6700